IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

UNITED STATES OF AMERICA,

        Plaintiff,

v.                              CRIMINAL ACTION NO. 5:96-cr-00179-02

AARON D. PORTIS,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending is Defendant Aaron D. Portis's Motion to Dismiss Supervised Release Petitions for Lack of Jurisdiction [Doc. 323].

Mr. Portis contends that the alleged supervised release violations and the filing of the petition and amendment occurred after the expiration of his five-year term of supervised release. The Court heard oral argument on March 26, 2021. The matter is ready for adjudication.

**I.**

On May 27, 1997, Mr. Portis was convicted by a jury on eight felony controlled substance offenses. [Docs. 323 at 1, 335 at 2]. The Honorable Joseph R. Goodwin then sentenced Mr. Portis to 151 months imprisonment, followed by a five-year term of supervised release. [*Id.*]. On June 17, 2008, Judge Goodwin subsequently resentenced Mr. Portis to 121 months imprisonment, with credit for time served. [Docs. 323 at 2, 335 at 2]. Mr. Portis was released the same day and began serving his five-year supervised release term. [*Id.*]. The term would have expired in due course on June 17, 2013.

On October 12, 2010, however, slightly more than two years into his term of supervised release, Mr. Portis was arrested on four felony warrants for robbery, grand larceny, felony assault, and felon in possession. [Docs. 323 at 2, 335 at 2]. On January 18, 2011, the state court dismissed the four felony charges, and Mr. Portis pled guilty to misdemeanor joyriding filed by information. [Docs. 323 at 7, 335 at 2]. The sentencing order first reflects Mr. Portis was sentenced to a six month custodial term with credit for time served. [Docs. 323 at 3, 335 at 2–3]. On the same page of the sentencing order, and just one paragraph below the time served language, however, the sentencing judge instead granted Mr. Portis's request to suspend the sentence and placed him on six months unsupervised probation. [Doc. 323-2 at 2–3 (order dismissing the circuit and magistrate felony cases), 4 (order imposing sentence as described)].

The question is whether the 97-day period running from Mr. Portis's October 12, 2010, arrest, to his January 18, 2011, release on unsupervised probation tolled his supervised release term which, as noted, would have expired in due course on June 17, 2013. Mr. Portis contends tolling is inappropriate, and his supervised release term consequently expired on June 17, 2013. [Doc. 323 at 7]. The United States responds that the June 17, 2013, termination date is subject to tolling, resulting in the addition of the aforementioned 97-day period and a revised September 22, 2013, termination date.

The tolling question is significant inasmuch as, on August 31, 2013, Mr. Portis was arrested on state charges for first-degree murder. [Doc. 335 at 3]. The Probation Office submitted a supervised release petition on September 16, 2013. [Docs. 323 at 7–8, 335 at 3]. Mr. Portis ultimately pled guilty to second degree murder. He was sentenced to 15 years imprisonment. [Doc. 335 at 4]. The Probation Office submitted an amended petition on January 3, 2018. [Doc. 323 at 7–8, 335 at 4.]. Whether the petition and its amendment are timely depends upon whether Mr.

Portis's suspended sentence for joyriding tolls his term of supervised release.

Mr. Portis filed a Motion to Dismiss Supervised Release Petitions for Lack of Jurisdiction on March 4, 2021, and a supplemental memorandum in support on March 5, 2021. [Docs. 323, 324]. Mr. Portis notes pretrial detention is in connection with a conviction, and may properly toll a supervised release term, when a defendant's time in pretrial detention is credited towards an imposed state sentence. [Doc. 323 at 4–5 (citing *Mont v. United States*, 139 S. Ct. 1826, 1832 (2019) and *United States v. Ide*, 624 F.3d 666, 669 (4th Cir. 2010)]. But he asserts his situation is "readily distinguishable" from the aforementioned case law inasmuch as his sentence was suspended and he was placed on unsupervised probation. [Doc. 323 at 5–7]. He also asserts his pretrial detention was not "in connection with" the crime for which he was ultimately convicted inasmuch as he pled guilty to an entirely new offense -- by information no less -- of misdemeanor joyriding. [Docs. 323 at 7, 325 at 3–4]. Mr. Portis thus contends his supervised release expired on June 17, 2013, prior to the filing of the petition and amended petition. [Doc. 323 at 7.]

The United States responded on March 12, 2021, noting that the Supreme Court in *Mont* concluded that if a sentence credits pretrial detention as time served for the new offense, then the pretrial detention also tolls the supervised release period. [Doc. 335 at 5 (citing *Mont*, 139 S. Ct. at 1829)]. The United States asserts that the time served could only be applied to Mr. Portis's conviction for joyriding, which is a lesser included offense of grand larceny. [Doc. 335 at 5 (citing *State ex rel. D.D.H. v. Dostert*, 165 W. Va. 448. 453, 269 S.E.2d 401, 407 (1980)]. And it contends 18 U.S.C. § 3624(e) tolled the expiration date, resulting in the revised September 22, 2013, expiration date that followed by a few days the Probation Office's September 16, 2013, petition. [Doc. 335 at 6].

Mr. Portis in reply emphasizes that the sentence actually imposed by the state court

3

was six months unsupervised probation, with no custodial term, and hence no credit for time served being practicable or possible. [*Id.* at 2–3]. Mr. Portis also cites authority that tolling only applies when the defendant is "actually convicted of the charge forming the basis of the pretrial detention." [Doc. 336 at 4–5 (quoting *United States v. Blevins*, 892 F. Supp. 2d 754, 759 (E.D. Va. 2012))].

The Court heard oral argument on March 26, 2021. [Doc. 338]. The Government contended that the credit for time served remains although that portion of the sentence was suspended; Mr. Portis contended the time-served portion was little more than a hypothetical sentence contingently imposable upon violation of the conditions attached to the six-month unsupervised probation term that was actually meted out by the sentencing judge.

## II.

The statute determining the tolling of a term of supervised release provides as follows:

> The term of supervised release commences on the day the person is released from imprisonment and runs concurrently with any Federal, State, or local term of probation or supervised release or parole for another offense to which the person is subject or becomes subject during the term of supervised release. A term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days.

18 U.S.C. § 3624(e). The Supreme Court recently held that "if the court's later imposed sentence credits the period of pretrial detention as time served for the new offense, then the pretrial detention tolls the supervised-release period." *Mont v. United States*, 139 S. Ct. 1826, 1829 (2019). Our Court of Appeals had previously held as much. *United States v. Ide*, 624 F.3d 666, 670 (4th Cir. 2010) (citing *United States v. Goins*, 516 F.3d 416, 422 (6th Cir. 2008)).

III.

Mr. Portis's sentence of imprisonment was ultimately suspended. He thus never actually received credit for the time he served in pretrial detention. It is true the sentencing judge pronounced the contingent sentence on Mr. Portis of six months in the Southern Regional Jail with credit for time served. [Doc. 323-2 at 4]. Had this sentence ever been executed, *Mont* and *Ide* would have surely compelled the 97-day tolling of his supervised release term based upon his receipt of pretrial detention credit. Inasmuch as the custodial sentence and its time-served component were immediately suspended, however, the two hung stationary and destined for execution only if Mr. Portis violated the terms of his unsupervised probation -- the sentence actually imposed upon him. [Doc. 323-2 (suspending execution of the sentence of incarceration and instead imposing unsupervised probation)].

The only sentence actually imposed, then, was six-months of unsupervised probation. [*Id.*]. Mr. Portis began serving that sentence on January 18, 2011, and the sentencing judge filed an order terminating the probation on July 22, 2011. [Doc. 325-4]. Lest there be any doubt, this timing -- a few days more than six months -- confirms Mr. Portis did not receive credit for time served in pretrial detention. He served six months unsupervised probation with no credit for the 97 days he spent in pretrial detention. The suspended sentence of incarceration was never actually imposed, meaning Mr. Portis never received credit for his pretrial detention. The Court thus has no authority to toll Mr. Portis's term of supervised release. *See United States v. Blevins*, 892 F. Supp. 2d 754, 760 (E.D. Va. 2012) (declining to "essentially read an additional tolling exception into § 3624(e) that Congress has not expressly authorized").

The 97 days Mr. Portis spent in pretrial detention does not meet the unambiguous, textual tolling requirements in § 3624(e). The September 16, 2013, petition, and the much-later

5

amended version, thus came too late, months after the expiration of his term of supervised release.[1]

### IV.

Based upon the foregoing discussion, the Court **GRANTS** Mr. Portis's Motion to Dismiss Supervised Release Petitions for Lack of Jurisdiction **[Doc. 323]** and **DISMISSES** the petition **[Doc. 318]** for lack of jurisdiction. The revocation hearing is **CANCELLED,** and, absent any detainers or other lawful reason, Mr. Portis should forthwith be released from pretrial detention resulting from the petition.

The Court **DIRECTS** the Clerk to send a copy of this written opinion and order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: April 8, 2021

Frank W. Volk
United States District Judge

---

[1] In view of this disposition, the Court need not address the extent to which, if at all, the time Mr. Portis spent in pretrial detention before pleading guilty to joyriding is still "in connection with" his joyriding conviction.